a specific sum and for a valuable consideration, raises a promise to pay, and is in law a note.

---

TIERNAN, Appellant, v. JOHNSON, et als., Appellees.

Ejectment : Defendant held the premises in question under a lease for eight years, not yet expired, made by the guardian of the plaintiffs' wives, under the direction of the county court, before their intermarriage with plaintiffs After the expiration of the guardianship and before the expiration of the lease, plaintiffs had accepted rent from defendant. Held, that whether the lease was voidable or void, the acceptance of rent by the parties, after the expiration of the guardianship, raised an implied tenancy from year to year, which required notice to quit.

Appeal from the St. Louis Circuit Court.

*Hudson for Appellant.*

1. That the circuit court erred in refusing to give the instructions asked by the counsel for the defendant, because it is clear from the testimony in the cause that there existed a tenancy : that the appellant was to all intents and purposes a tenant ; that his tenancy had been recognised by William Dalmore, one of the appellees, by the acceptance of rents, and the doing of other acts which showed that Dalmore considered and treated Tiernan as a tenant. That the lease and recipts offered in evidence by the defendant in the court below, establishes the existence of a tenancy. It was therefore necessary for the plaintiffs to prove a notice to quit before they could maintain this action, and the court below should have given the instructions asked for. See Cruise Dig. 261; 4 Cruise Dig. 73; Woodfall's Landlord and Tenant, 163; 1 Wheaton, 576–77: also 4 Kent's Com. 112.

MAY TERM,
1841.

Tiernan
v.
Johnson.

2. The verdict is against the law and the evidence. The plaintiffs below having failed to establish a notice to quit before bringing the action, and also failed to show a sufficient title to the premises in dispute, it appearing from the evidence that there were others equally interested in the title to the said premises and should have been joined in the action.

3. The damages are excessive and against or without any evidence to justify the verdict and finding, there being no testimony as to the value of the premises in dispute, the damages, if any, ought to have been given from the testimony should have been nominal.

4. The court erred in refusing to grant a new trial for the reasons filed below, and upon the evidence given on the trial of the cause. The question as to the necessity of a notice to quit, in cases like the present, has been so often and so clearly settled that the counsel deems it unnecessary to refer the court to the numerous authorities on this point.

————— *for Appellees.*

The questions raised in this cause are,

Does the lease given in evidence create the relation of landlord and tenant between the parties to this *action*, and produce the necessity of a notice *to* quit, before the commencement of the action of ejectment ?

Whether the guardian had power under the laws of Missouri to lease the premises of his ward for a longer time than one year at a time?

Whether such guardian could make such lease without an order of the county court?

Revised Code of 1825, p. 416; act of 8th Feb. 1825, sections 1, 6, and 7; Rev. Code of 1835, p. 295, sections 8 and 9 ; 7 Mass. Rep. p. 6; 2 Wikon, 129, 135; 10 Johns. Re. 438; 1 Brockenbrough, 361; 2 Kent's Comment. 224, 228. note 6.

*Opinion of the Court by Tompkins, Judge.*

This was an action of ejectment brought by the appellees

against the appellant.  The circuit court gave judgment for the appellees, and to reverse that judgment this appeal is prosecuted.

On the trial of the cause the plaintiffs proved a title derived from Antoine Dutromble, having married daughters of said Dutromble.  As evidence of his title the defendant, appellant here, produced a lease for eight years, made by the guardian of the heirs of said Dutromble, commencing on the 17th May, 1834, made by and with the consent of the county court of St. Louis county, of the said premises herein sued for.  The statute of the land does not positively direct how the land of minors is to be leased.  Guardians under our statute must necessarily have that power.  But often no man would take the land for a single year, where repairs are wanting which would amount to more than one year's rent.  The lease was made under the direction of the county court; and we are disposed to believe it valid.  If indeed there has been any improper or fraudulent conduct on the part of the guardian, the plaintiffs have their action against him.  At most, even if the lease were void, the defendants, appellants, have not participated in any fraudulent conduct of the guardian, and ought to be regarded as tenants from year to year, they having proved payment of rents from year to year, accepted by the guardians after the determination of the guardianship.  But it is not pretended to be proved that there was any misconduct on the part of the guardian, and the lease under which the defendants claim appearing to be made under the direction of the county court, we presume it to be a good lease.

The circuit court ought then to have granted, on the defendant's motion, a new trial.  Because, then, that court did not grant such new trial, its judgment is reversed, and the cause is remanded to be further proceeded in conformably to this opinion.

*Napton, Judge.*

I concur in reversing the judgment, upon the ground that whether the lease was voidable or void, the acceptance of

Ejectment: Defendant held the premises in question under a lease for eight years, not yet expired, made by the guardian of plaintiffs' wives, under the direction of the county court, before their intermarriage with the plaintiffs. After the expiration of the guardianship, and before the expiration of the lease, plaintiffs had

MAY TERM,  rent by the parties after the expiration of the guardianship,
   1841.   raised an implied tenancy from year to year, which required
─────────
Tiernan    notice to quit.
   v.
Johnson.                     *Tompkins, Judge.*

accepted rent
from defend-   I concur in the amendment of this opinion by Judge
ant.    Held. Napton.
that whether
the lease was voidable or void, the acceptance of rent by the parties, after the expira-
tion of the guardianship, raised an implied tenancy from year to year, which required
notice to quit.